Helen M. Filer, Respondent, *v.* The New York Central Railroad Company, Appellant.

The question of negligence is, ordinarily, one of mixed law and fact, and it is the duty of the court to submit the same to the jury with proper instructions as to the law. What is proper care is sometimes a question of law where there is no controversy about the facts. If, in an action to recover for injuries, the alleged result of defendant's negligence, the question arises as to whether plaintiff, by his own fault, has contributed to the injury complained of, and the evidence is of such a character that a verdict for the plaintiff would be clearly against the evidence, the question is one of law, and should be decided by the court. The question of concurrent negligence is to be determined, however, by the particular circumstances of the case.

Where a passenger upon a railroad, by the wrongful act of the company, is put to an election between leaving the cars while they are moving slowly, or submitting to the inconvenience of being carried by the station where he desires to stop, the company is liable for the consequences of the choice, provided it is not exercised wantonly or unreasonably. It is a proper question for a jury, whether the adoption of the former alternative is ordinary care and prudence, or a rash and reckless exposure to peril. Under such circumstances, where the decision is required to be made upon the instant, the passenger will not be held to the most rigid accountability for the highest degree of caution.

Plaintiff, a passenger upon defendant's road, had bought a ticket and desired to stop at Fort Plain, where the train was advertised to stop. It did not stop entirely, and, while it was moving very slowly by, plaintiff was directed by a brakeman to get off, and told that it would not stop or move more slowly. Another passenger got off safely; in attempting to follow him plaintiff was thrown down and injured. *Held*, that leaving the cars under such circumstances was not, as matter of law, negligence, but the question was a proper one for the jury.

In an action brought by a married woman to recover damages for personal injuries caused by the wrongful act of another, unless she is carrying on

a trade or business, or performing labor or services on her sole and separate account, she is not entitled to recover consequential damages resulting from her inability to labor. Her services and earnings belong to her husband, and for loss of such service he may have an action. This right is not affected by the act of 1862 (chap. 172, Laws of 1862), amending the act concerning the rights and liabilities of husband and wife. (Chap. 90, Laws of 1860.)

(Argued February 26, 1872; decided March 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The action is brought to recover damages for injuries sustained by plaintiff while a passenger upon defendant's cars. The plaintiff left Rochester for Fort Plain, on the evening of the 4th of November, on a train which was to arrive at Fort Plain between three and four o'clock the following morning. On arriving there, the brakeman called out " Fort Plain." As the cars approached the station they moved very slow, but did not stop. A passenger in advance of plaintiff alighted on the platform of the depot from the cars while they were in motion. As the plaintiff was waiting on the platform of the car, the company's brakeman said to plaintiff: " You had better get off; they are not going to halt any more." At this time the train had started with increased motion, but moved at a slow speed. As the plaintiff attempted to get off, her clothes caught in the steps; she was thrown down and dragged a considerable distance. The shock rendered her insensible for a short time; her back was bruised and she was lame, and suffered pain in her back and hip, which has continued since without intermission. This lameness and pain at length, in the early winter of 1866–67, resulted in *psoas* abscess and prostration and sickness. She has partly recovered, but is permanently disabled.

At the close of the testimony, defendant's counsel moved for a nonsuit, on the ground that no negligence was shown on the part of the defendant and that negligence or culpable carelessness had been shown on the part of plaintiff. The

motion was denied, and defendant excepted. The judge, among other things, charged that if the jury found for plaintiff, they were to give her such damages as they thought her entitled to for the pain and suffering, and for any disqualification for labor or the exercise of her natural powers, resulting from the injury, to which defendant excepted.

*George G. Munger* for the appellant. The plaintiff was chargeable with such contributory negligence as precludes her from recovery. (*Lucas* v. *Taunton & Bedford R. R. Co.*, 6 Gray, 64; *Hickey* v. *Boston & Lowell R. R. Co.*, 14 Allen, 429; *Timmons* v. *Central Ohio R. R. Co.*, 6 Ohio, 105; *Ohio & Mississippi R. R. Co.* v. *Schiebe*, 44 Ill., 460; *Penn. R. R. Co.* v. *Aspell*, 23 Penn., 147; *The Same* v. *Kilgore*, 32 id., 292; *Davis* v. *Chicago & N. W. R. R. Co.*, 18 Wis., 175; *C. B. & Q. R. R. Co.* v. *Hazard*, 26 Ill., 373; Shear. & Red. on Negligence, § 281.) The court erred in refusing to charge that if plaintiff had neglected to take reasonable care of herself since the injury, it was to be taken into account by the jury in estimating damages. (*Douglas* v. *Stephens*, 18 Mo., 362, 366; *Sherman* v. *Fall River Iron Works*, 2 Allen, 524; *Thomas* v. *Kenyon*, 1 Daly, 132.)

*J. H. Martindale* for the respondent. It was the duty of defendant to stop the train at the station. (Story on Bailments, 600.) The question of contributory negligence was one of fact and for the jury. (*McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y., 288, 289; *Penn. R. R. Co.* v. *Kilgore*, 32 Penn. R., 292.) A portion of the charge excepted to was clearly proper. A general exception, therefore, must fail. (*Haggart et al.* v. *Morgans*, 1 Seld. R., 422; *Jones* v. *Osgood*, 2 id., 233; *Hart* v. *R. & S. R. R. Co.*, 4 id., 37; *Caldwell* v. *Murphy*, 1 Kern., 416; *Walsh* v. *Kelly*, 40 N. Y. R., 557.) It was proper to consider, in estimating damages, plaintiff's disqualifications for labor. (Chap. 70, Laws of 1860, § 7; chap. 172, Laws of 1862.) The question as to the husband's rights not called to the attention of the court, and cannot be raised here. (*Magee* v. *Badger*, 34 N. Y., 248.)

Allen, J.   · It was submitted to the jury, if they found that the plaintiff was directed by the brakeman to leave the cars or to get off when the cars were in motion, to determine whether under the circumstances there was any such negligence on her part as would preclude her from recovering ; the judge having in substance instructed the jury that if a person seeks to recover for injuries resulting from the negligence of another, he must himself be free from any negligence contributing to the injury. The question was put to the jury whether the plaintiff acted as prudent persons generally would have acted under the circumstances, and the charge was that, if she did, that would not bar a recovery.

There is no complaint of the manner in which the question as to the alleged contributory negligence of the plaintiff was submitted to the jury, if there was any question for submission.   The claim of the defendant is, that the complaint should have been dismissed, or a verdict ordered against the plaintiff, upon the ground that she was culpably careless and negligent, and by her carelessness and negligence contributed to the injury, and that, there being no dispute as to the facts, the question was one of law for the court and not of fact for the jury.

Ordinarily the question of negligence is one of mixed law and fact, and it is the duty of the court to submit the same to the jury, with proper instructions as to the law. What is proper care is sometimes a question of law, when there is no controversy about the facts; but where there is evidence tending to prove negligence on the part of the defendant, and a question arises whether the plaintiff has by his own fault contributed to the injury, it is ordinarily a question for the jury. If the evidence is of that character that a verdict for the plaintiff would be clearly against evidence, the question is one of law and should be decided by the court.

The fact is undisputed that the plaintiff received the injury while attempting to get off the cars while they were in motion, making very slow progress, and the jury have found that she was directed by the brakeman on the cars to get off, and was

told by him that they would not stop or move more slowly to enable her to do so.  That it was culpable negligence on the part of the defendant to induce or permit the plaintiff to leave the train while in motion, and a gross disregard of the duty it owed her, not to stop the train entirely and give her ample time to pass off with her luggage, is not disputed. Notwithstanding this, if the plaintiff did not exercise ordinary care, and might with ordinary care and prudence have avoided the injury, she is precluded from recovering.

The degree of negligence of which the parties are respectively guilty, or whether the fault of the defendant was a breach of contract or the mere omission of some duty resting upon it as a carrier of passengers, is not material.

The plaintiff's negligence may have been slight and that of the defendant what is ordinarily termed gross; but if the plaintiff's fault directly and proximately contributed to the injury, she cannot recover.

Indeed, it is now said that there is no difference between negligence and gross negligence, the latter being nothing more than the former, with a vituperative epithet.  (*Grill* v. *Iron Screw Collier Co. L. R.*, 1 C. P., 600; *Wilson* v. *Brett*, 11 M. & W., 113.)

That there was more hazard in leaving a car while in motion, although moving ever so slowly, than when it is at rest, is self-evident.  But whether it is imprudent and careless to make the attempt depends upon circumstances; and where a party, by the wrongful act of another, has been placed in circumstances calling for an election between leaving the cars or submitting to an inconvenience and a further wrong, it is a proper question for the jury whether it was a prudent and ordinarily careful act, or whether it was a rash and reckless exposure of the person to peril and hazard.

The plaintiff had purchased a ticket and taken passage for Fort Plain, at which place this train was advertised to stop, and, on approaching the station, the name of the place was called as a notice to the passengers intending to leave the train at that place to be prepared to get off, which was equivalent to

notice that proper time and facilities would be afforded them for their passage from the cars, and the speed of the cars was reduced very greatly, so that the baggage was removed, and taken from the baggage car by the porter; one man, supposed to be a little lame, had gotten off safely.

The plaintiff was told that the cars would not make any other stop, and that she must get off there, and in attempting to do so she was injured.

She was put to her choice, without any fault of hers, whether to obey the advice and suggestion of the defendant's servant, and follow the example of the man who had preceded her, or to remain on the cars and be carried beyond the place of her destination, and away from her friends, and it was a proper question for the jury whether this was or was not, under the circumstances, an act of ordinary care and prudence.

It is true, there was no absolute necessity for this act; but she was called upon to decide upon the instant, and under peculiar circumstances, and ought not to be held to the most rigid account for the exercise of the highest degree of caution as against one confessedly wrong. If, in leaving the cars, she did not exercise the care and caution which she might, and ought to have done, and was careless and negligent in her movements, or in the care of her dress, and by reason of such want of care caused or contributed to the injury, she ought not to recover; but no question was made at the trial upon this branch of the case, except upon the effect of her leaving the cars when in motion.

Had the cars been going at a rapid rate, the plaintiff must have known that she would be injured by leaping from them, and the attempt to leave the cars, under such circumstances, even at the instance of the railway servants, would have been a wanton and reckless act, and no recovery could have been had against the defendant. In *Lucas* v. *New Bedford and Taunton R. R. Co.* (6 Gray, 64), the plaintiff had accompanied a friend to the cars and remained with her until the train had started, and then of her own volition attempted to

leave and received an injury, and it was held that her own act was the cause of the injury, and that the defendant was in no respect in fault.

In *Hickey* v. *Boston and Lowell R. R. Co.* (14 Allen, 429), the plaintiff's intestate took a position upon the platform of a car as it was coming into a station, where he was exposed to danger, voluntarily and without reasonable cause of necessity or propriety, and it was properly held that the express or implied assent and permission of the conductor of the train did not change the relation of the parties and relieve the deceased from the consequences of his own want of care. *Railroad Co.* v. *Aspell* (23 Penn. R., 147) differed essentially in all its circumstances from the case at bar. The plaintiff there leaped in the dark from a train of cars while under a high rate of speed, against the remonstrances of the persons in charge of the train, and under an assurance that the train would be stopped to permit him to alight. It was properly held a wanton and reckless act, precluding a right to recover against the railroad company. In the same case the principle was recognized that if a passenger was ordinarily careful and attentive to his own safety, and was injured by the negligence of the company, he might recover. *The Penn. R. R. Co.* v. *Kilgore* (32 Penn. R., 292) is more analogous to the case in hand. A female passenger, accompanied by three young children, on arriving at an intermediate station proceeded to alight with them. Two of the children had left the car, and whilst the plaintiff was still upon the train the cars started, when she sprang upon the platform on which one of the children had fallen prostrate and was injured. She was allowed to recover. It was held that the question of concurrent negligence was to be determined by the particular circumstances of the case. There, as in this case, the defendant had involved the plaintiff in the attempt to get off the cars ; and her efforts, made with proper care under all the circumstances, cannot be imputed to her for negligence.

It is not denied that the attempt to leave the cars while they are in motion is wrong. But as said by Judge WOOD-

WARD, in the case last cited, " it is one thing to define a principle of law, and a very different matter to apply it well. The rights and duties of parties grow out of the circumstances in which they are placed."

*McIntyre* v. *N. Y. C. R. R. Co.* (37 N. Y., 287) is, in principle, analogous to this, and a recovery was had for injuries received by a passenger in passing in the evening, and under circumstances increasing the hazard of the undertaking from one car to another while the train was in motion, the attempt having been made by direction of the defendant's servants, and to obtain a seat which could not be had in the car in which the passenger was. A passenger voluntarily and without necessity making such an attempt and receiving an injury, would be held to be at fault and without remedy; but the peculiar circumstances of the case took it out of the general rule. In *Foy* v. *London, Brighton and South Coast R. R. Co.* (18 C. B. R., N. S., 225), a recovery was had for an injury received in alighting from the cars, caused by the insufficient means for alighting furnished by the company, although the hazard of the attempt was as patent to the plaintiff as to the servants of the company. The jury there found that the defendant was guilty of negligence in not having provided conveniences for getting down from the carriage, and negatived the claim that the passenger contributed to the accident.

The court in banc sustained the recovery and refused leave to appeal, saying: " We do not think this a fit case for an appeal." In that case, the lady was desired by a porter in the employ of the company to alight; and that circumstance was held by the court to distinguish it from a subsequent case. (*Siner* v. *G. W. R. Co.*, L. R., 3 Exch., 150; affirmed in Exchequer Chambers, 17 W. R., 417.)

The case was similar in all its circumstances to *Foy's Case*, except there was no direction or request by the company's servants to the lady to get down from the carriage. The court held, against the dissent of KELLY, C. B., in the Court of Exchequer, and Justice KEATING, in the Exchequer Cham-

bers, that there was no evidence of negligence to go to the jury. Chief Baron KELLY was of the opinion that the stopping of the train, without any notice to the passengers to get out, was an invitation to them to do so; that the descent, although dangerous, was not so clearly dangerous that the plaintiff might not properly encounter the risk; and that the company, having wrongfully put the passengers to the necessity of choosing between two alternatives, the inconvenience of being carried on and the danger of getting out, they were liable for the consequences of the choice, provided it was not exercised wantonly or unreasonably. The reasoning of the chief baron applies with force to this case, and is in harmony with *McIntyre* v. *N. Y. C. R. R. Co.* (*supra*). The danger here was not certain, and the defendant cannot complain that the plaintiff did, under the circumstances, encounter some degree of peril, the jury having found that it was not imprudent for her so to do, and was encountered, at the instance of the brakeman on the cars.

If the injury was caused by the awkward and careless manner in which the plaintiff got down from the cars, a different question would be presented. The motion for a nonsuit was properly denied.

Upon the question of damages, the jury were instructed to give the plaintiff, if the questions of fact were found in her favor, such an amount of damages as they thought she was entitled to for the pain and suffering consequent upon her injury, and for any disqualification for labor in the exercise of her natural powers. A distinct exception was taken to that part of the charge which included, as an item of damages proper to be allowed, the plaintiff's disqualification to labor. The attention of the court being distinctly called to the precise point presented, an opportunity was given to qualify the charge and limit its application, if anything less was intended than the language would clearly import.

It was not qualified or explained, and must be held as an instruction, that the plaintiff was entitled to recover consequential damages resulting from her inability to labor. That

was put forth as a distinct item of damages proper to be allowed, and was not referred to as evidence of the extent of the injury and consequent pain and suffering.

There was no claim that the plaintiff was, at the time of the injury, carrying on any business, trade, or labor, upon or for her sole and separate account. Her services and earnings belonged to her husband; and for loss of such services, caused by the accident, he may have an action; and another record before us shows that he has recovered for them, as he lawfully might do. (Reeves' Dom. Rel., Parker's ed., 138, and cases cited, marg. p. 63.) The Laws of 1860, chap. 90, permit a married woman to carry on any trade or business, and perform any labor or services on her sole and separate account, and give to her her earnings from her trade, business, labor or service; and she is authorized to sue for any injury to her person or character, the same as if she were sole. This is for the direct injury, and for direct and immediate damages, unless she is, on her own account and for her own benefit, engaged in some business in which she sustains a loss.

The amendatory act of 1862, chap. 172, does not enlarge the rights of the wife, or detract from the rights of the husband, or take from him the right to recover for the loss of service of his wife, caused by the wrongful act of another.

Consequential damages are in all cases limited to the amount actually sustained; and unless the wife is actually engaged in some business or service in which she would, but for the injury, have earned something for her separate benefit, and which she has lost by reason of the injury, she has sustained no consequential damages; she has lost nothing pecuniarily by reason of her inability to labor. The recovery was large, and was probably affected by the instruction that the inability of the plaintiff to labor constituted one of the items of damage to be taken into account by the jury.

For this error in the charge, the judgment should be reversed and a new trial granted.

All concur; Church, Ch. J., not sitting.

Judgment reversed.