## BURROWS v. ERIE RAILWAY COMPANY.

*Negligence — passenger alighting from moving railway train.*

While plaintiff, a passenger on a railway train, was about to alight at a station the train began to move slowly. B, another passenger, endeavored to assist plaintiff who had some packages in her hands from the car platform. While doing this B, who had hold of plaintiff, was turned round and compelled to step off the train backward, in which he pulled plaintiff off with him, whereby she was injured. It was shown that the train did not stop long enough to allow passengers to leave. *Held* (following *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 49), that plaintiff was not necessarily guilty of contributory negligence, but it was for the jury to determine from the circumstances whether she actually was so.

EXCEPTIONS ordered to be heard in the first instance at general term. The action was brought by the plaintiff, Lucinda Burrows, to recover damages from the defendant for injuries received by her in getting off a train of the defendant, at the depot at Deposit, on the 28th day of April, 1870. It was tried at the Broome circuit in June, 1872, before Mr. Justice BOARDMAN and a jury, where plaintiff had a verdict for $500. A case and exceptions were made and ordered to be heard in the first instance at the general term.

On the day mentioned plaintiff was a passenger on the defendant's day train from Lackawaxen to Deposit. The train in question was detained for a short time, just below the bridge, about half a mile east of the station at Deposit. Plaintiff knew where she then was, and when the train moved on toward the station prepared to alight. Another lady, a Mrs. Coffin, occupied the seat with plaintiff. Mrs. Coffin was also a resident of Deposit and was intending to get off there. The plaintiff moved toward the door, followed by Mrs. Coffin, and according to the evidence of the plaintiff and of John E. Bowen, who assisted her in getting off the train when she arrived at the platform, the cars had begun to move. The plaintiff had a small hand-box and a satchel, and Mr. Bowen caught hold of her to help her off as she came upon the platform, and as he was about going off, something, which the plaintiff had, caught him and turned him around so that he stepped off backward and he and the plaintiff fell off together, the latter being injured. There was considerable evidence to show that the train

stopped the usual time, or long enough for the plaintiff to get off. Mrs. Coffin was unable to get off, and carried by to the next station. The defendant moved for a nonsuit at the close of the plaintiff's testimony and of the case, which motion was denied and an exception taken. The jury found in favor of the plaintiff for $500 damages. Exceptions were made and settled, and the court directed that they be first heard at general term with a stay of proceedings.

*T. More,* for plaintiff.

*O. W. Chapman,* for defendant.

MILLER, P. J. In this case the principal questions to be determined are:

First. As to the negligence of the defendant in not stopping the train a sufficient period of time to enable the plaintiff to leave the same without danger and in safety.

Second. Whether there was contributory negligence on the part of the plaintiff in leaving the train after the train had started.

As to the first question, I think that it is not entirely clear that the train stopped for a sufficient length of time to enable the plaintiff to leave before it had started from the station.

After a full consideration of the testimony relating to this branch of the case, it cannot, I think, be claimed that the weight of the testimony is entirely preponderating in favor of the defendant, so as to rebut the presumption of negligence arising from the fact that neither the plaintiff nor her traveling companion, although they made an effort to do so, were able to get off the train before it started. The most which can be urged in view of all the surrounding circumstances is, that the testimony was conflicting, and I think was properly submitted to the consideration of the jury under the charge of the judge.

Upon the question whether the plaintiff was guilty of contributory negligence, there is some embarrassment, as she left the train while it was in motion. It does not, however, necessarily follow from this fact alone that she was amenable to the charge of contributing to the injury. Although such an act is frequently fatal to a recovery, yet circumstances may exist where it cannot be considered as contributory negligence and may be excused. In *Filer* v. *N. Y. C. R. R. Co.,* 49 N. Y. 47, it was held that where a passenger upon a railroad, by the wrongful act of the company, was put to an

election between leaving the cars while they were moving slowly, or submitting to the inconvenience of being carried by the station where he desired to stop, the company was liable for the consequences of the choice, provided it is not exercised wantonly or unreasonably; that it was a proper question for the jury, whether the adoption of the former alternative is ordinary care and prudence, or a rash and reckless exposure to peril, and that where the decision is required to be made upon the instant the passenger will not be held to the most rigid accountability for the highest degree of caution. The recent cases bearing on the questions involved were fully examined, and it was decided that leaving the cars under the circumstances was not, as a matter of law, negligence, but a question for the jury.

Applying the doctrines there laid down to the case under consideration, I am unable to discover any such distinction between them as would have justified the court, upon the trial, in holding that the plaintiff was guilty of contributory negligence.

Although the brakeman advised the plaintiff to leave in the case cited, this fact does not, of itself, interfere with the general rule laid down, that the question of prudence and care in leaving a car, while in motion, is, after all, for the jury to determine in view of all the evidence presented. It may have been a discreet and proper act of itself, without regard to the suggestion of officials, and that no such suggestion was made does not necessarily constitute or even tend to show negligence.

It is also true, that in the case cited the learned judge remarks that " if the injury was caused by the awkward and careless manner in which the plaintiff got down from the cars a different question would be presented; " but it is by no means entirely manifest that the plaintiff acted without regard to due care, and that she was so reckless or unskillful as to cause the accident. She had left her seat in the cars for the evident purpose of getting off at the station, and the sudden exigency which demanded consideration must be regarded in pronouncing judgment upon her conduct, and she should not be held strictly accountable for that coolness and calm deliberation which would be required upon occasions less difficult and embarrassing.

While the circumstances that plaintiff had bundles in her possession at the time, and that Bowen, who aided the plaintiff in getting off the cars, was caught by something, and turned around so that he stepped off backward, were to be considered as bearing upon

the question arising as to the plaintiff's negligence, in connection with the other evidence, it cannot, I think, be fairly urged, that these constituted and established affirmatively contributory negligence as a matter of law. I am not prepared to hold this as a legal proposition. The carrying of the bundles may have had no effect whatever in producing the injury, as it may very well, without regard to these bundles, have been occasioned by Bowen's falling backward and the plaintiff falling with him. So the act of Bowen may not have been imprudent or careless as he and the plaintiff were situated at the time. The train was moving along slowly, Bowen undertook to aid the plaintiff, and for some reason was turned around so that he was compelled to step off backward. It was not his own choice that he thus acted, but a necessity produced by the sudden exigencies of the occasion, and whether the conduct of the plaintiff or of Bowen was negligence, was entirely a question for the jury to determine.

While it may perhaps be said that the distinction between the present and the case cited is quite close, I think that the latter may be safely followed as ample authority for submitting the questions presented to the jury, as was fairly done by the judge upon the trial.

Where the facts are at all conflicting and the acts of the parties are the subject of inferences and speculations which are not entirely conclusive, there is no other proper course to pursue than to allow the jury to pass upon them. This was, I think, properly done in the case at bar, and the motion for a nonsuit properly denied.

The question asked by the defendant's counsel of one of the witnesses, whether the train stopped a sufficient length of time to allow the passengers to get off of it, was, I think, properly excluded by the judge. It called for the opinion of the witness, and as he was not an expert, and the evidence related to a fact susceptible of proof by witnesses, it was clearly inadmissible.

The cause was rightly tried at the circuit, and a new trial must be denied, and judgment ordered for the plaintiff upon the verdict, with costs.

*Judgment accordingly.*