This case has been before this court upon a previous occasion, when the questions presented were nearly all determined. (49 N Y, 47; see, also, William Filer v. N.Y.C.R.R. Co., id., 42.) Some of the questions were, upon the present trial, presented in an aspect somewhat different, but not so varying the legal principle, applicable thereto, as to require further discussion. Upon the last trial, an additional question was presented. The evidence showed *Page 353 
that the injury sustained by the plaintiff was caused by her getting off the cars while in motion, and it was insisted, by the counsel for the defendant, that this was contributory negligence on her part, such as to preclude her recovery. To meet this objection, the plaintiff gave evidence tending to show that she was told by the brakeman to get off where and when she did, but the evidence was conflicting as to whether this direction to her was given by the brakeman or some other person having no connection with the management of the train or any thing to do with it except as passengers. Upon this point the judge charged the jury, in substance, that it was immaterial, and did not make any difference whether such direction was given by the brakeman or any other person; that it was for them to determine whether she was guilty of negligence in getting off after having received such direction from any one. I think this was error. The employes upon a train, including brakemen, are in the line of their duty in assisting passengers in getting on and off the train, and in directing them in procuring seats. Passengers rightly assume that these persons are familiar with all the movements of the train, and know whether they can, under the particular circumstances, get on or off, or move upon the train with safety. When the conductor or a brakeman directs a passenger to get off the train, although in motion, such passenger will naturally assume that he knows it is entirely safe, or he would not give the direction. (See cases cited in opinions in above cases.) Not so in case the direction is given by one having no connection with the train, other than as a passenger. As to such a person, there is no reason to suppose that he knows any thing more about whether it is safe to follow his direction than the one to whom it is given.
For the above error in the charge, the judgment must be reversed, and a new trial ordered, costs to abide event.
All concur, except ANDREWS, J., not voting; CHURCH, Ch. J., not sitting.
Judgment reversed. *Page 354