STEPHEN ALDRICH, APPELLANT, *v.* AARON SAGER, RESPONDENT.

*Civil damage act — Injury to wife through reckless driving — husband may maintain action for.*

The defendant sold liquor to the son-in-law of the plaintiff, who became intoxicated thereby, and in consequence thereof drove a team, behind which he and plaintiff's wife were riding, so recklessly as to upset the wagon and break the wife's arm. In an action by the husband to recover for the loss of her services and the expenses of medical attendance, nursing, etc., *held*, that he was entitled to recover.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term after a nonsuit directed by the court.

The action was brought under the civil damage act, chapter 646 of 1873. The plaintiff was nonsuited, on the ground that the evidence failed to show that the plaintiff had been injured in his property, person or means of support by reason of the injury sustained by his wife. The evidence tended to show that one Crandall, plaintiff's son-in-law, bought liquor of the defendant, became intoxicated thereby, and by reason thereof so recklessly drove the team, behind which he and plaintiff's wife were driving, that the wagon was upset and the wife's arm broken, whereby the plaintiff lost the services of his wife and incurred expenses for medical attendance, nursing, etc.

*Irving H. Palmer*, for the appellant.

*Wm. H. Warren*, for the defendant.

BOARDMAN, J.:

My opinion in *Volans* v. *Owen, etc.*, decided at this term,* applies directly to the present case. Both are actions under the civil damage act of 1873. The former was for damages suffered by the father of a minor son, who became sick and deranged through intoxication, whereby the father lost his services and incurred expenses for medical services, nursing, etc. The present case is brought by a husband for injuries done to his wife by a son-in-law, while in a state of intoxication and in consequence of such intoxication, whereby the husband lost the services of his wife and incurred expenses for medical attendance, nursing, etc.

The ordinary services of the wife in the household belong to the husband; for any injury to her whereby she is unable to render such services the husband can maintain an action. (*Filer* v. *N. Y. C. and H. R. Railroad Co.*, 49 N. Y., 47; *Brooks* v. *Schwerin*, 54 id., 343.) It is also his legal duty and obligation, to furnish for his wife suitable medical attendance and care when necessary.

The loss of the wife's services and the necessary expenses incurred to care for and cure her of her injuries were proper ele-

* See *post*, page 559.—[REP.

ments of damage, which the husband could recover under the law of 1873, upon a proper case made.

The evidence tended to establish that one Crandall bought liquor of the defendant, became intoxicated thereby, and by reason thereof so recklessly drove the team, behind which he and plaintiff's wife were riding, that the wagon was upset and the wife's arm broken, whereby the plaintiff was injured in the respects stated. Under this law I can see no reason why a recovery in such a case may not as well be had, as though one of the horses belonged to plaintiff and was injured in the same manner or through the same causes.

It follows that the judgment of nonsuit should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J.:

In accordance with the dissenting opinion in *Quain* v. *Russell* (15 S. C. N. Y., 321), I think the wife has not an ownership in the husband's services or ability to work, but that he has such ownership in her services and ability; and the constitutionality of the law being settled in this court, I concur in the foregoing opinion.

BOOKES, J.:

I concur in the foregoing opinion. (See, also, *Franklin* v. *Schoonmaker*, 3 Weekly Dig., 390.) And I may here add, as my individual opinion, that a widow may maintain an action for loss of support, from the death of her husband, against the person who sold him liquor, causing his intoxication and consequent death.

Present—LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.