NELSON v. THE ATLANTIC & PACIFIC RAILROAD COMPANY, *Appellant.*

| | |
|---|---|
| 68 | 593 |
| 100 | 202 |
| 68 | 593 |
| 43a | 349 |
| 68 | 593 |
| 48a | 662 |
| 68 | 593 |
| 49a | 107 |
| 68 | 593 |
| 65a | 484 |
| 68 | 593 |
| 84a | 148 |

**Contributory Negligence**: RAILROAD. A passenger who jumps from a railroad train in motion, not for the purpose of escaping some impending peril, but merely to avoid being carried past the station at which he intended to stop, is guilty of negligence, and, if he sustains injury, cannot recover for it.

*Appeal from Webster Circuit Court.*—HON. R. W. FYAN, Judge.

. *John O'Day* for appellant.

Mrs. Nelson's conduct amounted to negligence *per se*, directly contributing to the injuries complained of; hence the court should have so declared, by directing that plaintiff be non-suited. *Flemming v. W. P. R. R. Co.*, 49 Cal. 253; *Richmond v. S. V. R. R. Co.*, 18 Cal. 351; *Gray v. Winter*, 34 Cal. 153; *Kline v. C. P. R. R. Co.*, 37 Cal. 400; *Needham v. S. F. & S. J. R. R. Co.*, 37 Cal. 409; *Moore v. C. R. R. Co.*, 4 Zab. 268; *Runyan v. C. R. R. Co.*, 1 Dut. Ch. 556; *Mc-Clury v. P. R. R. Co.*, 56 Pa. St. 294; *Fletcher v. A. & P. R. R. Co.*, 64 Mo. 484; *Glassy v. H. R. R. Co.*, 57 Pa. St. 172; Shearman & Redfield on Neg., § 11; *McKee v. Powell*, 74 Pa. St. 218; *Gavett v. M. & L. R. R. Co.*, 16 Gray 501.

Where cars pass their usual stopping place, and to avoid being carried beyond his destination, a passenger, when the train is in motion, jumps out, and in so doing sustains an injury, the railroad company is not liable in damages. *Dumont v. N. O. & C. R. R. Co.*, 9 La. 441; *Aspell v. Railroad*, 23 Pa. St. 147; *Able v. I. C. R. R. Co.*, 59 Ill. 131; *Hendricks v. J. R. R. Co.*, 26 Ind. 228; *Jefferson R. R. Co. v. Swift*, Ib. 459; *Knight v. P. R. R. Co.*, 23 La. 462; *Hubsner v. N. O. & C. R. R. Co.*, 23 La. 492; *Curtis v. D. & M. R. R. Co.*, 23 Wis. 152; *Hagyard v. C. & B. R. R. Co.*, 26 Ill. 373; *Baddsley v. T. W. & W. R. R. Co.*, 54 Ill. 19; *Hulbert v. N. Y. C. R. R. Co.*, 49 N. Y. 47; *Duncan v. E. & C. R. R. Co.*, 28 Ind. 441; *Aspell v. P. R. R. Co.*, 23 Pa.

38—68

St. 147; *Randolph v. C. & A. R. R. Co.*, 53 Ill. 510; *Davis v. C. & N. W. R. R. Co.*, 18 Wis. 175; Shearman & Redfield on Neg., § 283; *Lucas v. T. R. R. Co.*, 6 Gray (Mass.) 64; *Nichols v. Sixth Ave. R. R. Co.*, 38 N. Y. 131; Redfield's Railway Cases, pp. 204, 205.

*J. P. Nixon* for respondent.

HOUGH, J.—In September, 1873, the plaintiff and his wife were passengers on the defendant's road from Vinita, in the Indian territory, to the town of Richland, Pulaski county, in this State. The testimony is conflicting as to whether the train came to a full stop at Richland, their place of destination. However that may be, it is certain that other passengers got off there, among whom was a lady fifty-eight years of age, who was quite feeble; and it is also certain that the servants of the company on the train transacted business with the servants of the company at the station before the train passed. After the train, in leaving the station, had passed the end of the platform, the plaintiff, who, for some reason had failed to get off at the platform, though notified by the conductor shortly before reaching there that they were approaching the station, jumped to the ground from the front end of the rear car while the train was moving at a rate of speed variously estimated by the witnesses at from four to fifteen miles an hour, and signaled his wife, who was a large fleshy woman about fifty-eight years of age, to jump also. Mrs. Nelson jumped from the train into a ditch by the side of the road-bed, the bottom of which was between five and six feet from the lower step of the car, though the servants of the defendant and others attempted to restrain her, and advised her not to jump, as the train would be stopped for her to get off. While the servants of the company were endeavoring to prevent her from jumping, the bell cord was pulled to stop the train, and it was stopped, before the car from which she jumped passed the spot where she fell.

Her ankle joint was dislocated by the fall, mortification and gangrene ensued, and amputation followed, from the effects of which she died. Plaintiff thereupon brought the present suit under the damage act, and recovered judgment for $5,000, from which the defendant has appealed.

If a passenger, by the negligence of the agents of the railroad company, is carried beyond the station where he has a right to be let off, he can recover for the inconvenience, loss of time, labor and expense of traveling back; but if he leaps from the train while in rapid motion in order to avoid being carried beyond his stopping place, he does so at his own risk. *Doss v. M., K. & T. R. R. Co.*, 59 Mo. 37; *Railroad Co. v. Aspell*, 23 Pa. St. 147; *Able v. I. C. R. R. Co.*, 59 Ill. 131; *Chicago & A. R. R. Co. v. Randolph*, 53 Ill. 510; *Gavett v. M. & L. R. R. Co.*, 16 Gray 501; *Filer v. N. Y. C. R. R. Co.*, 49 N. Y. 47. In the case of the *Chicago & A. R. R. Co. v. Randolph, supra*, it was held that where the plaintiff voluntarily, and without constraint, leaped from the train on the suggestion of the conductor, that he could do so with safety, he could not recover for injuries thereby received, if the danger was so apparent that a prudent man similarly situated would not have attempted the leap. In *Doss v. M., K. &. T. R. R. Co., supra*, this court said: "For a person to jump from a car propelled by steam, when it is in rapid motion, may be regarded as mere recklessness; but to step from a car not yet beyond the platform, and whose motion is so slight as to be almost or quite imperceptible, may not be negligence, and whether it is or not, is for the jury to decide from the physical condition of the person and all the attendant circumstances." If a passenger leaps from a train in rapid motion, in order to escape some impending danger to which the negligence of the company's servants has exposed him, and is injured, the company, as the author of the original peril, will be responsible for the consequences, and such passenger may recover for any injuries so sustained by him, provided the danger of remaining upon the train is apparently as great

as that to be encountered in jumping off. But no passenger has a right to put life or limb in peril merely to avoid the inconvenience of being carried beyond his stopping place, and if he does so, and is injured, he cannot recover for such injury.

Conceding, then, that the servants of the defendant failed in their duty to stop the train at the station where the deceased intended to get off, it is plain that the act of the deceased in jumping therefrom was the proximate, and in a legal sense the sole cause of her injury, inasmuch as that act was not justified by the previous negligence of defendant : and the recklessness of her conduct is rendered still more apparent when we consider that she jumped from the train against the advice and remonstrances of the servants of the defendant, after she was warned of the danger of so doing, and had been told that the train would be stopped to let her get off in safety. On the undisputed testimony in the cause, we think the court would have been warranted in taking the case from the jury. There was no disputed question of negligence for the jury to try as in the case of *Doss v. M., K. & T. R. R. Co., supra.* The negligence of the deceased alone occasioned her injury, and the negligence of the defendant in failing to stop at the station did not justify her negligence in jumping from the train. Under these circumstances we cannot comprehend upon what theory the court gave the third instruction for the plaintiff. That instruction is as follows : "The court instructs the jury that, although Mrs. Nelson may have been guilty of negligence, yet if they believe from the evidence that the conductor of the train, by the exercise of ordinary care and precaution, could have prevented the injury, and that if the jury believe that the proximate and direct cause of injury was the failure to stop the train, the jury will find for the plaintiff." From what has already been said it is clear that the failure to stop the train was not the proximate and direct cause of the injury. Besides, it has been repeatedly held by this court that when the

negligence of the plaintiff concurring with that of the defendant has proximately contributed to produce the injury complained of, there can be no recovery unless the injury was the direct result of the omission of the defendant, after becoming aware of the danger to which the plaintiff was exposed, to use a proper degree of care to avoid injuring him. It is impossible to apply such an instruction to the facts of this case, and if the instruction had properly declared the law, it should not have been given. It would then have been a mere abstraction, and calculated to mislead the jury. It is unnecessary to consider the defendant's instructions in detail. It may be remarked, however, that on the theory that the plaintiff's negligence was a question for the jury, they were generally correct. The judgment of the circuit court will be reversed and the cause remanded. All concur.

REVERSED.