## BOSWELL, *Appellant*, v. DAHLMAN.

**Contract**: MEASURE OF DAMAGES: PRACTICE. Defendant took plaintiff's cattle to fatten until the 1st day of June, at six cents per pound for every pound gained. Defendant was ready to deliver the cattle on the 1st day of June, but plaintiff not being ready to receive them, they were not delivered until the 30th day of July. The trial court having instructed the jury that defendant was entitled to compensation for the extra time at the contract rate; *Held*, error. They

should have been instructed to allow him what the extra pasturage was reasonably worth; but as all the evidence showed that it was reasonably worth as much as the contract price, this court refused to reverse a judgment in defendant's favor.

*Appeal from Cass Common Pleas Court.*—Hon. J. H. Page, Judge.

*Adams & Sherlock* for appellant.

*J. D. Irvine* and *J. L. Morrison* for respondent.

Napton, J.—This suit was for the recovery of fifty-four head of cattle, and the defendant, in his answer, claimed that he had a lien on the cattle for feeding them from December, 1873, to June 1st, 1874 at six cents per pound for their increase in weight; that on the 1st day of June he drove the cattle to Gun City with a view to deliver them to plaintiff, but he was not there to receive them, and he had to keep them till the 30th day of July, when their entire increase in weight, at the price agreed on, amounted to 10,805 pounds, which, at the contract price, made $648.30. The plaintiff insisted that the contract price should only govern until the 1st day of June, after which the defendant grazed them on the prairie, and asked the court to instruct the jury that the defendant was only entitled to a reasonable price for feeding the cattle after the 1st day of June. This instruction was refused, and the court instructed the jury to find the contract price up to the 30th day of July. The evidence was all one way, all the witnesses testifying that the contract price was a reasonable one, even after the 1st day of June, and although we think the instruction was wrong in principle, yet, as the jury could have found on the evidence but one verdict, we will affirm the judgment. The other judges concur.

Affirmed.