SWIGERT v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant*.

1. **Railroads**: STOPPING AND STARTING OF PASSENGER TRAINS. The rules laid down in *Straus v. R. R. Co.*, *ante*, p. 185, affirmed.

2. **Instructions** offered by the parties but amended by the court before being given, are to be considered as if given by the court of its own motion, and the fact that counsel read them to the jury will not operate a waiver of exceptions duly taken to the action of the court.

3. **Contributory Negligence.** Instructions so drawn as to put upon the plaintiff the onus of showing that he was not guilty of contributory negligence are properly refused.

4. ———: DEFENDANT'S LIABILITY. The negligent acts of a defendant which will subject him to liability notwithstanding the contributory negligence of the plaintiff are such as are committed after he becomes aware of the danger to which plaintiff has exposed himself.

5. ———: BOARDING MOVING TRAIN. It is not necessarily negligence to attempt to get on a train which has started from a station. The rate of speed and whether the train was stopped a sufficient length of time to enable passengers to get on, are circumstances to be considered in deciding the question.

6. ———: ———. The fact that the conductor of a railroad train about to leave a station is induced by the conduct and conversation of a person on the station platform to believe that he does not intend to take passage on the train, will not relieve the company from liability for injuries received by such person in consequence of the train being started without giving him time to get on, if the con-

| 75 | 475 |
|---|---|
| 43a | 349 |
| 75 | 475 |
| 111 | 340 |
| 49a | 108 |
| 49a | 370 |
| 75 | 475 |
| 141 | 94 |
| 75 | 475 |
| 154 | 663 |
| 154 | 666 |
| 82a | 579 |
| 75 | 475 |
| d158 | 312 |
| 75 | 475 |
| 177 | [6]637 |
| 102a | [5]283 |
| 75 | 475 |
| 95a | [2]311 |

ductor actually sees him attempting to get on when he gives the order to start.

7    **Railroads**: DUTY TO STOP AT STATIONS. Railroad trains are bound to stop at stations a reasonable length of time to enable passengers to get on.

*Appeal from Linn Court of Common Pleas.*—The case was tried before CHAS. L. DOBSON, ESQ., sitting as Special Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*Huston & Brownlee* for respondent.

HOUGH, J.—This is an action to recover damages for personal injuries received by the plaintiff in attempting to board one of the defendant's passenger trains. The petition alleges: That the agents and servants of defendant in charge of said train, negligently failed to stop the train at said Bucklin station a reasonable length of time to permit plaintiff to get on said train, and while plaintiff was attempting to get on said train those in charge of said train negligently and carelessly started said train rapidly forward, whereby the plaintiff was struck by the cars of the said train, knocked down and very severely injured, etc. There was testimony tending to show that the train was five hours behind time, and that it did not stop a reasonable length of time to permit the plaintiff to get on, and that the conductor saw the plaintiff attempting to get on, and started the train while he was so in the act of getting on. There was testimony tending to show, also, that the train stopped a reasonable time, that the plaintiff was intoxicated and by his conduct and conversation induced the conductor to believe that he did not intend to take passage on his train, and that while going toward the coach, he fell and was injured.

For the plaintiff the court gave the following instruc tions:

1. It was the duty of those in charge of the train to bring it to a full stop at the platform at Bucklin, and to stop there a reasonable length of time to allow passengers to get off and on in safety; and if the jury believe from the evidence that they did not do so, or that they started up at an unusual rate of speed, or with unusual suddenness, and that plaintiff was injured thereby without fault on his part, then they are bound to find for plaintiff.

2. Although the jury should believe from the evidence that plaintiff was intoxicated, and was negligent, yet if they further believe that the conductor of the train could have prevented the injury to plaintiff by exercising ordinary care, prudence and caution after he discovered the danger in which plaintiff was placed, and that he failed to do so, then the verdict should be for plaintiff.

3. Even should the jury believe that the train stopped long enough for plaintiff to have got on if he had started to do so as soon as the train came up, yet if the conductor saw the plaintiff in the act of getting on the car, and while plaintiff was so in the act of getting on the car the conductor gave the signal to go ahead, and the train was suddenly started before plaintiff could get into the car, and plaintiff was thereby knocked down and hurt, then the finding should be for plaintiff.

4. If the jury find for plaintiff, they should allow him for all his loss of time and medical expenses occasioned by his injury, and should also take into consideration and allow him for his physical sufferings, and his diminished ability to labor, caused by the injury, both present and future.

The defendant asked the following instructions:

1. Unless plaintiff has shown by the preponderance of the evidence in his favor, and to the satisfaction of the jury, that he was injured by defendant's train by reason of the negligence and want of care of defendant's employes

in charge of said train, and that plaintiff was guilty of no negligence which contributed directly to said injury, the verdict of the jury must be for defendant.

2. If the jury believe from the evidence that the train stopped at Bucklin station long enough to enable plaintiff to get safely on if he had availed himself of the time when the train was stopped, and had not been disabled by intoxication, then the jury must find for defendant.

3. If the jury believe from the evidence that plaintiff was guilty of negligence in attempting to get on the train, and that such negligence contributed directly to the injury sustained by plaintiff, he cannot recover, although the jury may further believe that defendant's employes in charge of said train, were to some extent negligent in starting said train.

4. If the jury believe from the evidence that the train stopped at Bucklin station, and after it had started plaintiff attempted to get on the step of the car, and in attempting to do so fell and got injured, then such act on his part constituted negligence, and the verdict should be for defendant.

5. If the jury believe from the evidence that the train stopped at Bucklin station a sufficient length of time to enable a man using ordinary diligence to get on the train with safety, then the verdict must be for defendant.

6. If the jury find from the evidence that both plaintiff and defendant by their negligence immediately contributed to produce the injury, plaintiff cannot recover, and the verdict must be for defendant.

7. If the jury believe that the actions and talk of plaintiff were sufficient to and did induce the conductor to believe that plaintiff did not intend going upon his train, then defendant is not to be charged with negligence by reason of said conductor having started it, without regard to the length of time said train may have been stopped or when it started.

8. If the jury believe from the evidence that the conductor in charge of the train did not know that plaintiff was about to get on his train, then negligence cannot be imputed to defendant, and the verdict should be for defendant.

9. If the jury believe from the evidence that plaintiff, while on the platform at the depot, and while going toward the car, and without fault or negligence of defendant's agents, with the intention of taking passage thereon, tripped and fell toward and against the car, and by reason of so falling, received all the injuries complained of, then he cannot recover, and the verdict must be for defendant.

10. Plaintiff was guilty of negligence under the circumstances in proof in attempting to board the train at the time he so attempted, and the jury must, therefore, find their verdict for defendant.

The court gave the second and third, and refused the remainder.

The court then gave the first instruction after adding thereto the words, "Unless the jury shall further believe that such injury might have been avoided by the use of ordinary care and prudence on the part of defendant's agents and servants;" and also gave the fourth after adding thereto the words, "Unless such injury might have been prevented by the use of ordinary care and prudence on the part of defendant's agents, or any of them." The court also gave, of its own motion, the following instruction : " If the jury believe from the evidence that plaintiff, while on the platform at the depot, and while going toward the cars with the intention of taking passage thereon, tripped and fell toward and against the car, and by reason of so falling, and without fault or negligence on the part of defendant's agents or servants, received the injuries complained of, then he cannot recover, and the finding should be for defendant." There was a verdict and judgment for plaintiff, and the defendant has appealed.

The word "and" should be substituted for the word

" or " where the latter word first occurs in the first instruc-

<span style="font-variant: small-caps;">1. RAILROADS: stopping and starting of passenger trains.</span> tion given for the plaintiff, in order to make the instruction conform to the charge of negligence contained in the petition. With this exception we perceive no error in the instructions given for the plaintiff. They are in harmony with the rules applicable to cases of this kind, announced in the case of *Straus v. R. R. Co., ante,* p. 185.

As it appears from the record that the defendant excepted to the refusal of instructions numbered one and

<span style="font-variant: small-caps;">2. INSTRUCTIONS.</span> four as asked by it, and also excepted to the amendment of said instructions, made by the court, we must regard these instructions as amended, as having been given by the court of its own motion. The fact that the defendant excepted to the amendments made, shows that it did not accept them, although its counsel may have read them to the jury.

The first instruction asked by the defendant was properly refused for two reasons. It was inapplicable to the facts of the case. On the testimony adduced, the jury might have found that the plaintiff was entitled to recover notwithstanding he had been guilty of contributory negligence. In the second place it improperly placed upon the plaintiff the *onus* of showing not only that he had been injured by the negligence of the defendant, but also that he himself had not been guilty of contributory negligence. *Buesching v. Gaslight Co.,* 73 Mo. 229.

Nor should this instruction have been given as modified by the court. The modification did not correct the errors we have pointed out; and besides it was in itself erroneous. It should have restricted the liability of the defendant to negligent acts committed by its servants after they became aware of the danger to which plaintiff's negligence had exposed him. *Nelson v. R. R. Co.,* 68 Mo. 593.

As this case must be retried, it will be proper to observe that the defendant's second instruction should not

have been given, for the reason that it is in direct conflict with the third instruction given for the plaintiff.

Defendant's third instruction directs a verdict for it, although its servants may have negligently started the train after becoming aware of the plaintiff's negligence. This instruction should not be given when the case is re-tried, without some modification.

Defendant's fourth instruction erroneously declares the effort of the plaintiff to get on the train while in motion to be negligence *per se*, without regard to the speed of the train, or the fact that it may not have been stopped a sufficient length of time to enable the plaintiff to get on before it was again started, and it is, therefore, unnecessary to notice the modification of this instruction made by the court.

Defendant's fifth instruction was properly refused. It is in conflict with the third given for the plaintiff.

The sixth is too general and is not applicable to the facts in evidence. It directs a verdict for the defendant even though it may have been guilty of negligence after becoming aware of the plaintiff's negligence.

The seventh is erroneous and inconclusive, and was properly refused. It ignores the fact that the conductor, notwithstanding the conduct and conversation of the plaintiff, may have seen him attempting to get on the train when he started it.

The eighth was properly refused. It ignores the duty of the defendant to stop its train a reasonable time. Even though the conductor may not have known that the plaintiff was in the act of getting on the train when he started it, yet if he so started it without allowing a reasonable length of time for the plaintiff to get on, he was guilty of negligence.

The ninth was given by the court of its own motion in paraphrase.

The tenth is erroneous, and was properly refused. Whether the plaintiff was guilty of negligence in attempt-

ing to get on the train was a question of fact for the jury, inasmuch as the testimony was conflicting in regard to that matter. For reasons heretofore stated, the judgment will be reversed and the cause remanded. The other judges concur.