O'CONNELL v. THE ST. LOUIS CABLE & WESTERN
RAILWAY COMPANY, *Appellant.*

DIVISION ONE.

1. **Appellate Practice:** WEIGHT OF EVIDENCE. In an action at law
the appellate court does not review as to the weight of evidence.

2. **Practice:** INSTRUCTIONS: ASSUMPTION OF CONTROVERTED FACTS.
*Certain instructions discussed and* held *not to assume controverted
facts.*

3. **Common Carriers, Duty of to Passengers.** Carriers, though
not insurers of passengers, are bound to exercise toward them the
highest degree of care of a very prudent person.

4. **Personal Injuries:** DAMAGES: EXCESSIVE VERDICT. A verdict
for $5,000 damages, where plaintiff sustained a fracture of the
thigh bone, followed by pain, permanent after-effects, etc., held
not sufficiently large to justify a reversal.

5. **Practice:** INSTRUCTIONS. In determining the effect and meaning
of instructions, the whole series should be taken together.

*Appeal from St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

THIS action is for personal injuries to plaintiff
alleged to have been sustained by him while a passen-
ger upon one of defendant's cable railway cars in St.
Louis. The answer was a general denial.

Plaintiff's evidence tended to show that he hailed
one of defendant's cars on Franklin avenue near the
place of accident; that it stopped within ten or fifteen
feet of the curve into Wash street, and, as plaintiff was
proceeding to enter the car from the street, and had one
foot on the car platform and the other on the lower
step, the car suddenly started forward with a jerk, and
he was thrown to the granite pavement between the
car tracks; that he was picked up, put into the car, paid

his fare, and afterwards went to the city hospital, where he remained two months.

. Plaintiff was a laborer, and had earned at quarry work $1.75 to $2.50 per day. His injuries consisted of a fracture of the thigh bone at the hip joint. One of his medical attendants testified to his pain, and that in his opinion "the effect of the injury would be permanent, and would cause plaintiff to walk with a jerky motion or step." When plaintiff left the hospital he used crutches, and at the time of the trial had not discarded them. He testified that at that date (two years after the accident) he could not walk or go any distance without them, and still suffered pain from the injury.

The defendant's testimony tended to show that plaintiff had not been hurt on defendant's line, and that no such accident occurred at the time and place stated by him.

The court gave the following instructions for plaintiff, viz.: "1. If you find from the evidence that the plaintiff, on or about December 13, 1886, got upon the rear platform of one of the cars that was then being operated by defendant as a carrier of passengers, and that thereafter he was thrown from said platform and injured by reason of the omission of such care on the part of the operatives or employes of defendant in operating or moving said car (at the time and place of the injury), as is particularly defined in instruction, numbered 2 ; and if you further find from the evidence, that by reason of such want of care the car on which plaintiff was riding at the time was started by defendant's employes rapidly around a certain curve at the junction of Wash and Twenty-eighth streets before plaintiff had a reasonable time to reach a position of reasonable safety on said car, and that plaintiff thereafter paid his fare as a passenger on said car, then your verdict should be for plaintiff.

"2. The degree of care which defendant and its employes were bound to exercise towards plaintiff (if

you find from the evidence he paid his fare as a passenger at any time during his said trip on the car, as he alleges) was this: Defendant was bound to run and operate its cars with the highest degree of care of a very prudent person in view of all the facts and circumstances at the time of the alleged injury.

"3. If you find from the evidence that at the time of plaintiff's alleged injury the car on which he had entered was operated with the care defined in instruction, numbered 2, on the part of defendant's employes, in view of the actual position of its tracks at the place of said alleged injury, and in view of all the facts and circumstances in evidence, then your verdict should be for defendant.

"4. The court instructs the jurors that defendant was not bound to carry plaintiff safely, absolutely and at all events, but was only bound to operate its train of cars under all of the circumstances with the highest degree of care of a very prudent person, and, if the jurors are satisfied from all the evidence in the case that defendant's servants operating the coach from which plaintiff says he was thrown gave plaintiff reasonable opportunity to get in a place of safety before the car was started, then the verdict will be for defendant.

"5. The court instructs the jurors that the plaintiff has shown no negligence upon the part of defendant in the manner of constructing its roadway, and in so far as that is charged as a ground of negligence the jurors are told they must disregard it.

"6. If you find for the plaintiff you should assess his damages in such sum as you find from the evidence to be a reasonable compensation for any pain of mind or body, and for any permanent physical disability (if any) which you believe and find from the evidence plaintiff has sustained, or may hereafter sustain, by reason of the said injury complained of in this action. If, on the other hand, you find for the defendant your

verdict need merely say that you find in favor of the defendant.

"7. The burden of proof is on the plaintiff to establish by a preponderance of the evidence the facts necessary to a verdict in his favor under these instructions, except upon the issue concerning the exercise of ordinary care by plaintiff. As to that issue the burden of proof is on defendant to show the want of such ordinary care on the plaintiff's part.

"8. By mentioning the 'burden of proof' and 'preponderance of evidence' the court intends no reference to the number of witnesses testifying concerning any fact, or upon any issue in the case, but simply by way of briefly expressing the rule of law, which is that, unless the evidence (as to such issue) appears in your judgment to preponderate, in respect to its credibility, in favor of the party to this action on whom the burden of proof (as to such issue) rests, then you should find against such party on said issue.

"9. You are instructed that the jury are the sole judges of the credibility of the several witnesses that have appeared before you, and of the weight or importance to be given to their respective statements of testimony, and if you believe from all that you have seen and heard at the trial, that any witness has wilfully sworn falsely as to any of the facts mentioned in the instructions herein, as bearing on the plaintiff's alleged claim or defendant's alleged defense thereto, then you are at liberty to disregard entirely the testimony of said witness."

The jury returned a verdict for plaintiff for $10,000, of which the trial court compelled a *remittitur* of $5,000, and judgment was entered for the remaining $5,000; from which judgment defendant appealed, after the ordinary motions necessary to a review.

The other material facts are stated in the opinion of the court.

*Rochester Ford* for appellant.

The court erred in giving instructions, numbered 1, 2 and 3, because said instructions assume the truth of a controverted and material fact in this case, namely, whether plaintiff was ever on defendant's coach, and whether defendant's coach was rapidly started around a certain curve. *Rice v. McFarland*, 41 Mo. App. 489; *Robertson v. Drane*, 100 Mo. 273; *State to use v. Mason*, 96 Mo. 559 ; *Stoher v. Railroad*, 91 Mo. 509. The court erred in giving instructions, numbered 2 and 4, because they do not correctly define the duty of defendant. *Waller v. Railroad*, 83 Mo. 608 ; *Leslie v. Railroad*, 88 Mo. 50 ; *Sawyer v. Railroad*, 37 Mo. 240 ; *Gilson v. Railroad*, 76 Mo. 282 ; *Dougherty v. Railroad*, 81 Mo. 325; s. c., 97 Mo. 647 ; *Railroad v. Wiams*, 80 Ky. 421. The damages were excessive, and the motion for a new trial should have been sustained on this ground. *Railroad v. Fillmore*, 57 Ill. 265; *Railroad v. Hand*, 1 Am. & Eng. R. R. Cases, 558; 1 Rorer on Railroads, 735; 1 Sutherland on Dam. 810; *Railroad v. Fox*, 14 Am. & Eng. R. R. Cases, 374 ; *Sawyer v. Railroad, supra.*

*A. R. Taylor* for respondent.

(1) The case of *Owens v. Railroad*, 95 Mo. 170, is decisive of the first point made by appellant. This case decides that, where the fact of whether the plaintiff was ever on defendant's coach, and whether defendant's coach was rapidly started around a certain curve, have been submitted hypothetically to the jury in a separate instruction, there is no necessity in qualifying each instruction in this way. They qualify themselves when taken together. The court in this case refused to follow the case of *Sullivan v. Railroad*, 88 Mo. 182. (2) The phrase, "very cautious person," is the exact language used by Story on Bailments, section 601, in speaking of

the liability of common carriers. Story's language is that "the carrier is held to the utmost care and diligence of a very cautious person." This language was approved in *Lemon v. Chanslor*, 68 Mo. 356 ; *Furnish v. Railroad*, 102 Mo. 442. (3) The third point made by appellants that the damages were excessive, and that the motion for a new trial should have been sustained on this ground, is wholly without merit.

BARCLAY, J.—The plaintiff's story of his injury (in consequence of negligent management of a cable car while he was taking passage upon it) is directly denied by the railway officials ; but the issue of the truth of his account of the affair was one for the triers of fact. There is substantial evidence to support their finding on that issue, and hence we cannot retry it.

Defendant, however, makes certain points of objection here to the instructions given and also against the amount of the recovery. They will be considered in order, as made.

I. As to the instructions : It is claimed that those numbered 1, 2 and 3 are erroneous as assuming controverted facts, namely, that plaintiff was on the defendant's car, and that the latter was rapidly started around a certain curve.

We do not regard this criticism as sound. The instructions plainly require the jury to find the existence of the facts mentioned, to warrant a verdict for the plaintiff. Taken together (as they should be in determining their effect and meaning) they evidently do not intend to assert as true the facts alluded to. If that were their purpose, there would be little else to submit to the jury but the amount of the recovery, and they would have had entirely different forms and terms. Reading the whole series together we think this objection of defendant untenable.

Exception is also taken to instructions, numbered 2 and 4, as stating the rule of liability of carriers of passengers too strongly in favor of plaintiff. All that need

be said on that point is that these instructions conform to recent rulings here on that subject, the reasons for which need not now be repeated. *Waller v. Railroad* (1884), 83 Mo. 608; *Furnish v. Railroad* (1890), 102 Mo. 438.

II. As to the amount of damages, the last ground of error assigned, we need merely say that in view of the nature and extent of plaintiff's injuries (outlined in the statement accompanying this opinion) we do not regard the amount of the judgment ($5,000) as sufficiently large, in the circumstances, to warrant the interference of this court.

We, therefore, affirm the judgment. All the judges of this division concur.