CHARLES RICHMOND, Respondent, v. THE QUINCY, OMAHA & KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1.    Common Carriers: CONTRACT WITH PASSENGER: STOPPING AT STATION. A railroad contracts with its passengers to stop its trains and remain at the station a sufficient length of time for them to leave its train in safety.

2. ———: STOPPING AT STATION: ALIGHTING FROM MOVING TRAIN: JURY QUESTION. Whether it is imprudent and careless for a passenger to attempt, at the station of his destination, which has been announced and the train slowed up, but not stopped, to alight from the still moving train after it has passed the depot, depends on all the circumstances and is a proper question for the jury.

*Appeal from the Sullivan Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

*John P. Butler*, for appellant.

(1) The law is that a passenger who jumps from a railroad train in motion merely to avoid being carried past the station at which he wants to stop, and is thereby injured, cannot recover. *Nelson v. Railroad*, 68 Mo. 593; Wharton on Negligence, secs. 378–80. And where the plaintiff's own case shows that the injury occurred by his own negligence the court should direct a nonsuit. Wharton on Negligence, sec. 427; 2 Thompson on Trials, 226; *Railroad v. Whittaker*, 35 Oh. St. 627; *Milburn v. Railroad*, 86 Mo. 109; *Buesching v. Gaslight Co.*, 73 Mo. 229. (2) The court erred in instructing the jury for plaintiff. Wharton on Negligence, secs. 378–90. The conductor had given the plaintiff notice that the train would stop at that station. What right had he to disregard this notice and voluntarily leave the train while it was still in motion? (3) The court erred in refusing to instruct the jury as requested by defendant. If, on the plaintiff's evidence, it clearly appears that he was guilty of carelessness or negligence which contributed directly to produce the injury he complains of, he cannot recover, and the court should so instruct the jury. *Nolan v. Shickle*, 69 Mo. 340; *Harlan v. Railroad*, 64 Mo. 480; *Fletcher v. Railroad*, 64 Mo. 484; *Schaabs v. Woodburn, etc., Co.*, 56 Mo. 175; *Barton v. Railroad*, 52 Mo. 253.

(4) There is no evidence to sustain the verdict. See authorities cited *supra*, and particularly *Nelson v. Railroad*, 68 Mo. 593, which is decisive of the case in point.

*A. W. Mullins* and *W. F. Calfee*, for respondent.

It was a question for the jury to determine whether or not, under the attending circumstances, the plaintiff was guilty of negligence in alighting from the train. *McGee v. Railroad*, 92 Mo. 208; *Railroad v. Horst*, 39 U. S. 291; *Leslie v. Railroad*, 88 Mo. 50; *Doss v. Railroad*, 59 Mo. 27; *Kelley v. Railroad*, 70 Mo. 604; *Filer v. Railroad*, 49 N. Y. 47; *Wyatt v. Railroad*, 55 Mo. 485.

SMITH, P. J.—This was an action to recover damages for personal injuries. It appears that the plaintiff took passage from Humphreys to Reger, a station eight miles east. After the train had whistled for Reger station the conductor went back through the caboose and announced in the usual way, "Reger!" The plaintiff got up off his seat and went back out onto the rear platform of the caboose, and the conductor went the other way toward the front and began to set the brakes for the purpose of stopping the train. After the caboose had passed the depot some fifty yards, and while the train was still slowly moving, the plaintiff stepped or jumped off, and sustained the alleged injuries of which he complains. After the plaintiff jumped off, the train ran some little distance further and stopped. The night was dark, and there were no lights at the station. There was a trial and judgment for plaintiff, from which defendant appealed.

The plaintiff had purchased a ticket for Reger station. The defendant thereby impliedly obligated itself to stop its train and remain at the station a sufficient length of time for the plaintiff to leave its train in safety. 2 Redfield on Railroads, 280; 2 Wood on

Railroads, sec. 305; *Daugherty v. Railroad*, 86 Ill. 467; Wharton on Negligence, sec. 3722. It is not negligence *per se* for a passenger to jump from a train which is moving. Beach on Contributory Negligence, sec. 53. Whether or not a railway company shall be liable in damages for injuries sustained by a passenger in attempting to leave one of its trains which is in motion, will depend on all the circumstances, whether it was prudent for him to make an attempt. When an injury has been received by the *reckless act* of a passenger in an attempt to leave the train when in motion, no recovery can be had although the company may have disregarded a duty imposed by law in failing to stop at a station. *Daugherty v. Railroad*, 86 Ill. 467; *Railroad v. Swift*, 22 Ind. 450; *Railroad v. Chappel*, 23 Pa. St. 147; Shearman & Redfield on Negligence, 341. So the doctrine is laid down in 2 Wood on Railways, 1148, that, "if a passenger is negligently carried beyond his stopping place, he can recover for the inconvenience, loss of time and expense of traveling back, but if he jumps or leaves the train, under circumstances which render the act imprudent, he does so at his own risk and assumes the consequences of the act." To support this statement of the rule, the author cites: *Kelley v. Railroad*, 70 Mo. 604; *Straus v. Railroad*, 75 Mo. 185; *Nelson v. Railroad*, 68 Mo. 593. So when a railway company fails to bring its train to a full stop at a station, it will be liable in damages from injuries sustained by a passenger in attempting to get off, if, under all the circumstances, it was prudent for him to do so. The question of negligence must be treated here as a mixed question of law and fact, the facts being left to the jury and the legal effect of them declared by the court.

The rule, we think, to be deduced from all of the authorities is that all the circumstances of each case

must be considered in determining whether, in that case, there was contributory negligence or want of ordinary care, and it is not sound to select one prominent and important fact, which may occur in many cases, and say that being present there must, as a matter of law, have been contributory negligence. The circumstances vary infinitely and always more or less control each other. *Karl v. Railroad*, 55 Mo. 476; *Morrissey v. Ferry Co.*, 43 Mo. 300; *Morrison v. Railroad*, 56 N. Y. 302.

Whether it was prudent under all the circumstances of this case for the plaintiff to have attempted to leave the defendant's train before it came to a full stop, was a question to be ascertained and determined from all the attendant circumstances disclosed in the evidence (*Walter v. Railroad*, 83 Mo. 608; *Doss v. Railroad*, 50 Mo. 37), such as these: The speed of the train. *Clotworthy v. Railroad*, 80 Mo. 320; *Straus v. Railroad*, 75 Mo. 185; *Surgist v. Railroad*, 75 Mo. 475; *Leslie v. Railroad*, 88 Mo. 50. The conduct of conductor, the darkness of the hour, the age and activity of the plaintiff and the like. *Price v. Railroad*, 72 Mo. 414; *Wyatt v. Railroad*, 55 Mo. 435.

This case in its facts does not resemble *Nelson's case* reported in 68 Mo. 591. There, Mrs. Nelson, who was a large fleshy old lady, against the remonstrances of the trainmen, jumped from the train while it was moving from four to fourteen miles an hour. It is therefore plain that the two cases are quite distinguishable, not only in fact but in their governing principles.

In *Filer v. Railroad*, 49 N. Y. 47, quoted with approval by Judge NAPTON in *Wyatt v. Railroad*, 55 Mo., *supra*, it was said: " That there is more hazard in leaving a car in motion, although moving slowly, than when at rest, is self-evident. But whether imprudent and careless to make the attempt, depends on circum-

stances, and where a party, by the wrongful act of another, has been placed in circumstances calling for an election before leaving the cars, of submitting to an inconvenience and a further wrong, it is a proper question for the jury, whether it was a prudent and ordinarily careful act, or whether it was rash and reckless exposure of the person to peril and hazard.'' It is not meant to say that a case may not arise when all the facts are undisputed and of such a nature that the question of contributory negligence may become one of law, but this is not such a case.

It is quite true that the defendant's train, after passing its station over fifty yards, did stop. It did not stop at all at its station although the conductor had called out that station before reaching it. This was a notice that a stopping would be made there. If it was the intention of the conductor of the train not to stop at the station, but to stop at a point beyond it, then certainly it was his plain duty to have so informed the few passengers who were under his charge in the caboose. How did the plaintiff know that the train would finally stop? He had no such information. His situation is not different from what it would have been had the train not stopped at all. The train was not stopped where the defendant's contract with the plaintiff required that it should be. This was the omission of a duty which directly occasioned the plaintiff to leave the train while in motion. The plaintiff is confessedly entitled to recover unless precluded by his own imprudence; and whether guilty of such imprudence or not, was a question, as we have seen, for the consideration of the jury under appropriate instructions, and not for the court.

The constitutive facts of the plaintiff's petition were embraced in the hypothesis of his instructions. The defendant's instructions told the jury, in effect, that if

the plaintiff saw, or might have seen, by the exercise of ordinary care, that there were no lights at the station, and, therefore, while the train was in motion and before it had been brought to a stand-still, the plaintiff recklessly leaped from it out into the darkness, he could not recover. The decisive question in the case which was, whether, under all the circumstances in evidence, the plaintiff was prudent or foolhardy, in leaving defendant's train at the time of the injury, was, in our opinion, so fairly submitted to the jury under the instructions, as to leave no just grounds for complaint.

It results that the judgment must be affirmed. All concur.