TANDY OWENS, Respondent, v. WABASH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Passenger Carriers:** CONTRIBUTORY NEGLIGENCE: LEAVING MOVING TRAIN: JURY QUESTION. It is not negligence *per se* for a passenger to jump from a moving train, and the prudence of such action is a mixed question of law and fact, the facts to be found by the jury and their legal effect declared by the court.

2. Negligence: MANIFEST DANGER: COURT AND JURY: DIF-
FERENT INFERENCES. The assumption of manifest danger will
authorize a mandatory instruction but when men of ordinary intel-
ligence might reasonably differ as to the hazard of the act, the ques-
tion is for the jury, since the plaintiff is entitled to the benefit of
every reasonable inference deducible from the testimony.

3. Passenger Carriers: CARRIED PAST STATION: REMEDY. A
passenger negligently carried beyond his station can recover for the
inconvenience, loss of time and expense of traveling back, but if he
leaves the train under circumstances which renders the act impru-
dent, he does so at his own risk.

4. ———: AGENCY: BRAKEMAN. A brakeman, whose duty it is
to assist passengers on and off the car and to call stations and the
like, is acting in the scope of his agency in directing a passenger,
who is being carried past his station, to get off, and the carrier is
bound by his direction.

Appeal from the Randolph Circuit Court.—*Hon. John A.
Hockaday*, Judge.

AFFIRMED.

*George S. Grover* for appellant.

(1) The demurrer to the evidence should have been
sustained. Plaintiff knew the danger that he was incurring
and assumed the risk. Nelson v. Railroad, 68 Mo. 593;
Price v. Railway, 72 Mo. 418; Richmond v. Railway, 49 Mo.
App. 107; Jackson v. Railway, 29 Mo. App. 499; Weber v.
Railway, 100 Mo. 202; Murphy v. Railway, 43 Mo. App.
351. (2) The defendant was not responsible for the ad-
vice given to the plaintiff by the man in uniform, without
proof, first, that the man was then in the employ of the de-
fendant, and second, that the act complained of was within
the scope of his employment. These vital facts were
wholly unproved, hence the plaintiff was not entitled to re-
cover in this action. Farber v. Railway, 116 Mo. 81. (3)
The instructions given at the plaintiff's request were erro-

neous. An inference can not be based upon an intervening inference so as to authorize the submission of a question of fact to a jury. Chemical Co. v. Lackawanna Line, 78 Mo. App. 312, and also authorities cited, *supra*.

*Aubrey R. Hammett* for respondent.

(1) It is the duty of the defendant to announce station and stop at same long enough to allow passengers to alight in safety. Richmond v. Railroad, 49 Mo. App. 104, 109; Deming v. Railroad, 2 Mo. App. Rep. 9, p. 547; s. c., 80 Mo. App. 158; Weber v. Railroad, 100 Mo. 203. (2) The master is civilly liable for the tortious acts of his servant whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the course of his employment, even though the master did not authorize or know of said act or may have disapproved them. Croker v. Railway, 36 Wis. 657; Garretzen v. Duenckel, 50 Mo. 107; Snyder v. Railroad, 60 Mo. 413; Brill v. Eddy, 115 Mo. 596; Farber v. Railway, 116 Mo. 91. (3) The demurrer to the evidence should not have been sustained. Plaintiff did not know how fast the train was moving and could not judge of the speed because of the darkness, hence had a right to rely upon the advice of the brakeman, or plaintiff may have been induced to jump by brakeman's conduct. Grancy v. St. Louis, 141 Mo. 185; Petty v. Railway, 88 Mo. 306; Wyatt v. Railway, 55 Mo. 487; Weber v. Railway, 100 Mo. 202; Price v. Railway, 72 Mo. 419; Wyatt v. Railway, 55 Mo. 485; Murphy v. Railway, 43 Mo. App. 350; Alcorn v. Railway, 108 Mo. 83; Doss v. Railway, 59 Mo. 27. (4) The court was warranted in giving the instruction complained of. There was substantial evidence on the question of agency and scope of authority to warrant the jury's finding. Also

substantial evidence as to the duty of a brakeman, or other member of a train crew. McGuire v. Railway, 43 Mo. App. 355; Sweeney v. Railway, 150 Mo. 402.

SMITH, P. J.—This is an action which was brought to recover damages for personal injuries received by plaintiff on account of the negligence of the defendant. The case disclosed by the evidence, shortly stated, is about this:

The plaintiff purchased a round-trip ticket over the defendant's railway from Huntsville to St. Louis and return. The train on which the plaintiff returned consisted of ten passenger cars, whose aggregate lengths was about two hundred yards. It did not reach Huntsville until two o'clock in the night. It stopped from two to four minutes, but the plaintiff who was in a car towards the rear supposed it was at the tank east of the station and later on would move up to the station and so then made no effort to leave the car in which he had been riding. As the train was pulling out of the station he discovered his mistake and so went upon the platform of the car, when the train brakeman who was there, seeing that he hesitated about leaving the train, which was then in motion, three times called out to him "to get off." The train was then moving at a speed of nearly twenty miles an hour. And while the plaintiff knew it was running fast, he had very little idea of how fast. He testified that he had never ridden on railway trains enough to tell anything about their speed and he thought the trainman, who had urged him to get off, ought to know everything and so he relied upon him. It was quite dark at the time.

The plaintiff went down to the bottom of the steps of the car and while standing hesitatingly there, under the urgent demands of the defendant's trainman, he was induced to step down upon the station platform; and in doing so he

was thrown with great force and violence against the platform and thus severely injured. It was further disclosed that the defendant's trainmen did not call out the station before the train reached it, or, if so, the plaintiff did not hear the call. It does not, therefore, appear that the plaintiff had any notice given him by the trainmen that the train was about to stop at the station and that he was not aware of the ·fact when it did so stop; and, so far as the plaintiff was concerned, the case is not different than if the defendant had not stopped its train at the station at all.

Whether the plaintiff in leaving the train when he did was guilty of such contributory negligence as would defeat his right of recovery was, as we think, a question for the determination of a jury and not for the court. Whether it is imprudent and careless to make an attempt to leave a car while it is in motion depends on circumstances, and where a party by the wrongful act of another has been placed in circumstances calling for an election between leaving the cars or submitting to an inconvenience and a further wrong it is a proper question for the jury to determine from all the attendant circumstances disclosed by the evidence, whether it was a prudent and ordinarily careful act, or whether it was a rash and reckless exposure of the person to peril and hazard. Richmond v. Railroad, 49 Mo. App. 104; Waller v. Railway, 83 Mo. 608; Doss v. Railway, 59 Mo. 37; Clotworthy v. Railway, 80 Mo. 220; Straus v. Railway, 75 Mo. 185; Price v. Railway, 72 Mo. 419; Wyatt v. Railway, 55 Mo. 485. It is not negligence *per se* for a passenger to jump from a train which is moving. Beach on Contrib. Neg., sec. 53.

When known or manifest danger is assumed or deliberately undertaken, the court can declare the legal effect thereof by a mandatory instruction as was attempted in this case, but when the thing undertaken is such that men of or-

dinary intelligence might reasonably differ as to the hazard of the act, the question is one for the jury to determine. Murphy v. Railway, 43 Mo. App. 350. The court is authorized in acting only in those cases where by giving the plaintiff the benefit of every reasonable inference that may be drawn from the testimony and the surrounding facts, no other conclusions could fairly be reached than that he disregarded all rules of common prudence and caution in the act assumed. Graney v. St. Louis, 141 Mo. 185.

If a passenger is negligently carried beyond his stopping place he can recover for the inconvenience, loss of time and expense of traveling back, but if he jumps or leaves the train under circumstances which render the act imprudent, he does so at his own risk and assumes the consequences of the act: Kelly v. Railway, 70 Mo. 604; Straus v. Railway, *ante*; Nelson v. Railway, 68 Mo. 593. The question of negligence in cases like this must be treated as a mixed question of law and fact, the facts being left to the jury and the legal effect of them declared by the court. The plaintiff, it seems to us, was, under the evidence, clearly entitled to recover, unless precluded by his own imprudence; and whether guilty of such imprudence or not was a question for the consideration of the jury, under appropriate instructions; and this was the view taken by the trial court, which must be approved by us.

The defendant insists that there was no evidence adduced which tended to prove that the defendant's brakeman, in directing the plaintiff to jump from the train, was then acting within the scope of his employment. It was shown by the evidence that the duty of the defendant's brakeman was to assist passengers on and off the cars, and to call stations and the like. Passengers on entering a train or on leaving it are usually governed by the directions of the brakeman and porter. It seems to us that the defendant's brake-

man, in directing the plaintiff to leave its train, was acting within the line of his duty. The act clearly pertained to the duty of his employment, and for that reason the act of the brakeman was that for which the defendant was bound. Farber v. Railway, 32 Mo. App. 378; s. c., 116 Mo. 81.

The defendant complains further of the action of the court in giving the plaintiff's first instruction, basing the complaint on the ground that there was no evidence adduced which tended to prove that the plaintiff was directed to leave defendant's train by any one in the latter's employ, or who had any authority to give plaintiff such directions, or who was then in charge of the train; and, therefore, the hypothesis of such instruction was unsupported in that regard. The testimony of the plaintiff and that of the three witnesses who had been his traveling companions on the train, coupled with that of the defendant's conductor, who was in charge of said train at the time plaintiff was injured, tend to quite satisfactorily prove that the person who directed the plaintiff to leave the train when he did was the brakeman, whose duty it was to direct passengers on and off that train.

The duty imposed on the brakeman to direct passengers in respect to entering and leaving a train is comprehended in that requiring him to assist them in doing so. We think the evidence was ample to justify the giving of the plaintiff's said instruction.

The judgment will be affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.