finding the relator guilty of some portion of the charges, is of no more effect than the same action would be without such hearing. It is apparent, therefore, that there could have been no legal conviction of the relator of any offense which would have justified his removal, and we are forced to conclude that the action of the board of police commissioners of Long Island City was contrary to law, and in derogation of the rights of the relator, and the determination should be annulled, and the relator restored to his position as patrolman. All concur.

(25 App. Div. 603.)

### KELLY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

CARRIERS—INJURY TO PASSENGER—INSTRUCTIONS.

    In an action against a surface railroad company to recover for injuries received by a passenger in alighting from one of the defendant's cars, the evidence was such that it inevitably followed either that the car had actually come to a standstill, and was then suddenly started as plaintiff stepped off, or that, without notifying the conductor, she tried to jump off while it was actively proceeding onward. The judge charged the jury that, if plaintiff attempted to alight "at a place where it was not usual to stop," while the car was in motion, she took the chances. Defendant's counsel objected to the qualification contained in the words quoted, and requested a modification in that respect, which was refused. *Held*, in view of the clear-cut issue presented, that this was error, as there was no intermediate status, as matter of fact, to which the charge could have applied.

Appeal from trial term.

Action by Mary Kelly, by Thomas Kelly, her guardian ad litem, against the Third Avenue Railroad Company. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Nathan Ottinger, for appellant.
M. L. Towns, for respondent.

BARRETT, J. This action is for damages which the plaintiff alleges she sustained by reason of the defendant's negligence. She was injured on the 31st day of May, 1896, while a passenger upon the defendant's line. We need not go over the facts. The testimony was conflicting, but there was no such preponderance of evidence in the defendant's favor as would warrant our disturbing the verdict. We think, however, that there were errors of law which necessitate a reversal.

1. The crucial question litigated upon the trial was whether the plaintiff attempted to alight while the car was in motion. The learned trial justice charged the jury that, if the plaintiff attempted to alight *at a place where it was not usual to stop*, and while the car was in motion, she took the chances of any injury she might receive; and the failure of the conductor to see her, or to anticipate her act, was not negligence for which the defendant was responsible. The defendant's counsel was not satisfied with the qualification embraced

within the words which we have italicized, and he requested the court to charge that "if the car was not at a standstill when the plaintiff attempted to alight," etc. This the learned trial judge refused, stating that he declined to charge the general proposition, except as he had already charged. The effect of this was to limit the original instruction to an attempt to get off the car while it was in motion, at a place where it was not usual to alight. It was tantamount to telling the jury that, if the plaintiff thus attempted to alight at any other place, the defendant would be responsible. We think this was erroneous. It must be observed that there was no question here of an attempt to alight from a slowly-moving street car, which, after a signal to stop, was about to come to a standstill. It is doubtless the rule that under such circumstances the question of contributory negligence is ordinarily a question of fact for the jury. Here, however, there was, upon the facts, no such question. The issue was plain and marked. Either the car had actually come to a standstill, and the plaintiff was thrown off by its being suddenly started before she had an opportunity to alight, or else she, without notifying the conductor of her intention to alight, attempted to jump off while the car was actively proceeding onward. The case was tried solely upon this issue, and the testimony throughout was directed thereto. There was no testimony on either side to the effect that the plaintiff attempted to alight after the conductor had been signaled to stop, and while the car, with diminishing speed, was coming to a standstill. The plaintiff and her witness testify distinctly that the car had come to a standstill when she attempted to alight. The defendant's witnesses testify with equal distinctness that there was no signal to stop, and that the car was proceeding onward, when the plaintiff attempted to get off. The instruction and the request therefore related to this conflict of testimony, and went to the very root of the particular issue. They cannot be treated as academic, or as bearing upon a supposititious case. And they bore upon the question of the defendant's negligence quite as much as upon that of the plaintiff's contributory negligence; for, if the plaintiff attempted to alight while the car was in motion, she necessarily did so under the circumstances testified to by the defendant's witnesses. She either attempted to alight under those circumstances, or under the circumstances testified to by herself and her witness. Thus the car was either at a standstill or it was actively in motion forward. There was no intermediate status, as matter of fact, to which the charge could possibly have applied. The ruling of the learned trial justice was, therefore, equivalent to a declination to charge that, if the plaintiff attempted to alight while the car was in motion, as testified to by the defendant's witnesses, the defendant was entitled to a verdict. The jury could not have understood this ruling in any other light, and they must have applied the instruction to the conflicting testimony as given. It cannot be said that the rest of the charge was so clear that the jury could not have been misled by this particular instruction and the refusal to alter it. The charge was quite general. The learned trial justice simply told the jury that the plaintiff was required to prove the defendant's negligence and her own freedom from

contributory negligence, but it was only in this particular instance that he applied the facts of the case to these general principles. While, therefore, the general principles were correctly stated, the relation of the facts thereto was misapplied. The charge was, in effect, that while the plaintiff must establish the essential prerequisites of the law, yet she had not failed in doing this even though she jumped off the car while it was actively in motion, at a place where it was not usual to stop.

2. The defendant's counsel also requested the court to charge as follows:

"That the element of dragging is not a question of negligence in this case; that the question is whether the car was started when the plaintiff attempted to get off, or whether it was at a standstill."

To this request the court replied as follows:

"In that regard I charge you that the question is not the primary question of negligence, but if you find that, even though the car had started before the plaintiff attempted to alight, and that it would have been possible for the agents or the employés of defendant, in the exercise of reasonable care, to have stopped the car in a shorter period or space than they did, and that by reason of their neglect in that regard she was injured, then it is negligence."

The defendant excepted to the latter instruction, and we think the exception was well taken. This instruction brought an entirely new element into the case, which was not contemplated by the pleadings, and as to which there was no independent issue. The instruction treated the negligence of the defendant with regard to the stopping of the car as of itself a distinct and separate cause of action. It, in substance, told the jury that, even should they find for the defendant upon the primary question of negligence, yet, if the car could with reasonable care have been sooner stopped, the defendant was still guilty of negligence, and was, consequently, liable. If the defendant was liable at all, it was undoubtedly liable for all the injuries which the plaintiff sustained, whether those injuries resulted from the original fall or from the dragging. But the liability, as far as this question was concerned, depended entirely upon the primary question of negligence, and not upon the act of dragging, treated independently. We need not consider the point that, assuming all the primary questions of negligence to have been solved in the defendant's favor, it might still be liable in an action brought for this so-called secondary negligence. The dragging is here alleged in the complaint solely as an incident to the primary act of negligence, and not as an independent cause of action apart therefrom. If, therefore, the plaintiff was guilty of contributory negligence with regard to the primary act, she could not (in this action, at least) recover for the incidental injuries resulting from the secondary acts complained of. Indeed, it would be difficult to sever these acts, or to say that the plaintiff's original negligence did not pervade the entire incident. That question, however, we need not consider. It is sufficient at present to say that the instruction was erroneous in its application to the case which was then actually before the court and jury. This error was not cured by the learned trial justice's subsequent observation that the gripman or conductor had testified that a car going 8 miles an

hour could be stopped within 40 or 50 feet, that there was no evidence to the contrary, and that the jury was bound by that evidence. There was no proof that the car was going at the rate of 8 miles an hour when the plaintiff was thrown off; and, further, if the car could have been stopped within 40 or 50 feet, the jurors might well have asked themselves why it was not stopped sooner than it was. It is apparent that the plaintiff was not concluded by this observation, and that the dragging, as an independent question of fact, was still left to the jury. If the learned trial judge had thus intended to conclude the plaintiff, it would have been a very simple matter to have said that the instruction was withdrawn, and that it need not be considered, because the plaintiff had failed to show negligence in not sooner stopping the car after she had fallen, and while she was being dragged. The utmost that can be said is that the question was left in a state of uncertainty, and that, notwithstanding the learned trial judge's observations as to the testimony, the jury may yet have applied the instruction to their own views of the evidence. A large part, if not the whole, of the verdict may thus have been awarded to the plaintiff because of this instruction.

We think, therefore, that the judgment and order denying the defendant's motion for a new trial should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.