H. A. Robinson and J. T. Little, Jr., for appellant.
Otto Kempner, for respondent.

FITZSIMONS, C. J. The only material point presented by this appeal is the refusal to charge the request made by the defendant's counsel that, "if the jury believe that the defendant's car was in motion at the time the plaintiff attempted to get off, the verdict must be for the defendant." The request does not distinguish between rapid and slow motion. The court charged: "In this case it is for you to say whether the act of the plaintiff in attempting to get off the car at the time of the accident was negligence." At least one of the defendant's witnesses swears the car was moving slowly. The court's refusal to charge was not error, under Kelly v. Railroad Co., 25 App. Div., at page 604, 50 N. Y. Supp. 426, but seems warranted by that case. See, also, Filer v. Railroad Co., 49 N. Y. 47.

Judgment and order affirmed, with costs.

McCARTHY, J., concurs.

---

CUNNINGHAM v. DRY DOCK, E. B. & B. R. CO.

(City Court of New York, General Term. November 16, 1899.)

STREET RAILROADS—NEGLIGENCE—QUESTION FOR JURY—INSTRUCTION.
     A refusal to charge that, if "plaintiff stepped off car while the same was in motion," she could not recover, is proper; since, if the car was moving slowly, the question of plaintiff's negligence might be for the jury.

Appeal from trial term.
Action by Catherine Cunningham against the Dry Dock, East Broadway & Battery Railroad Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.
Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.
Hoadley, Lauterbach & Johnson (H. I. Scheuerman and H. Siegrist, Jr., of counsel), for appellant.
A. & C. Steckler, for respondent.

FITZSIMONS, C. J. The point relied upon for a reversal of this judgment is the refusal to charge the defendant's request that, "if the plaintiff stepped off the car while the same was in motion, then the verdict of the jury must be for the defendant." In Kelly v. Railroad Co., 25 App. Div. at page 604, 50 N. Y. Supp. 427, the court said:

"It must be observed that there was no question here of an attempt to alight from a slowly-moving car, which, after a signal to stop, came to a standstill. It is doubtless the rule that under such circumstances the question of contributory negligence is ordinarily a question of fact for the jury."

See, also, Filer v. Railroad Co., 49 N. Y. 47.

We think that the mere refusal to charge as requested is not error. If the request referred to rapid motion, a different question would arise; and, however much the language used by the court after the denial may be criticised, the defendant did not except to such language.

The judgment and order must therefore be affirmed, with costs. All concur.

---

### LEVY v. BARNETT et al.

(City Court of New York, General Term. November 21, 1899.)

ACCESSION TO GOODS OBTAINED BY FRAUD—REPLEVIN.

One from whom goods have been fraudulently obtained may maintain replevin for them in the form of manufactured articles, though the manufacturing was accomplished by the wrongdoer's adding other goods of his own.

Appeal from trial term.

Action by Lazarus Levy against Samuel Barnett and others. From a judgment for defendants, and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

Lawrence & Hughes, for appellant.

Max Cohen, for respondents.

PER CURIAM. We have carefully examined the record submitted on this appeal, and find that there is ample evidence to sustain the finding of the jury. The exceptions are without merit, and the case was submitted to the jury, and the charge was more favorable to the plaintiff than he was entitled to. The claim that the goods replevied were of more value than the amount of goods sold to the plaintiff's grantor is of no moment. The goods fraudulently obtained were put into manufactured articles, and the wrongdoer cannot now be heard to complain that he commingled the goods so fraudulently obtained with others.

The judgment and order appealed from should be affirmed, with costs.

---

### PAKAS v. HOLLINGSHEAD et al.

(City Court of New York, General Term. November 21, 1899.)

SALE—CONTRACTS—CONSTRUCTION—FUTURE DELIVERY.

A contract was made for the future delivery of goods, the terms being "sight draft, with documents attached." Held, that such terms merely required that a draft accompany the bill of goods delivered, and did not require a tender of payment before bringing suit for the nondelivery of the goods.

Appeal from special term.

Action by Solomon L. Pakas against William R. Hollingshead and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.