selected is to be the criterion to guide all other juries, then anything above a minimum would be excessive, and all verdicts above that sum would have to be set aside. This would be going further than, we think, counsel would be willing to go. To undertake to thus control and limit a jury would be to establish a dangerous rule. Juries are not to be thus limited, and, in view of all the authorities cited, we cannot say that the amount fixed by the jury in this case was excessive. The charge of the court was in no way prejudicial to the interests or rights of the defendant, and was, in our opinion, eminently fair. The court said:

"I charge you, as a matter of law, that the plaintiff had a perfect right to take his wagon upon the tracks of the defendant company, and to continue thereon; and that fact would furnish no justification to the company to allow its car to collide with the rear of plaintiff's wagon."

It will be borne in mind that this is the case of a surface railroad operating cars in the crowded thoroughfares of a great city, and where wagons and teams and foot passengers are constantly crossing the tracks of the company, using the public streets. It is not contended that the defendant did not see the plaintiff's wagon, for the defendant gave no evidence, and, if the version of the plaintiff was not the true one, the defendant would certainly have contradicted him; but there is no dispute upon the facts, nor do we think there was any error in the charge of the trial judge. It does not appear that any warning whatever was given to the plaintiff of the approach of the car. True, the plaintiff, on looking back, saw the car coming behind him, and endeavored to get out of the way, and while engaged in this effort his wagon was struck, and the damage resulted in consequence. We cannot say, under all the circumstances, that this was negligence on the part of the plaintiff which contributed to the injury, and the record does not present to our view any admission of evidence or improper submission of the elements of damages which call for an interference with the result reached by the jury, and we think the judgment and order appealed from should be affirmed, with costs.

McCARTHY, J., concurs.

---

KUHMAN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. November 16, 1899.)

STREET RAILROADS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY—INSTRUCTION.

Where there was some evidence that a street car was moving slowly when plaintiff attempted to get off, a charge that if the car was "in motion," without distinguishing between rapid and slow motion, plaintiff could not recover, was properly refused.

Appeal from trial term.

Action by Karl Kuhman against the Metropolitan Street-Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

H. A. Robinson and J. T. Little, Jr., for appellant.
Otto Kempner, for respondent.

FITZSIMONS, C. J.   The only material point presented by this
appeal is the refusal to charge the request made by the defend-
ant's counsel that, "if the jury believe that the defendant's car was
in motion at the time the plaintiff attempted to get off, the verdict
must be for the defendant."   The request does not distinguish be-
tween rapid and slow motion.   The court charged: "In this case
it is for you to say whether the act of the plaintiff in attempting
to get off the car at the time of the accident was negligence."   At
least one of the defendant's witnesses swears the car was moving
slowly.   The court's refusal to charge was not error, under Kelly
v. Railroad Co., 25 App. Div., at page 604, 50 N. Y. Supp. 426, but
seems warranted by that case.   See, also, Filer v. Railroad Co., 49
N. Y. 47.

Judgment and order affirmed, with costs.

McCARTHY, J., concurs.